1
2
3
4
5
6                              **UNITED STATES DISTRICT COURT**

7                                   **DISTRICT OF NEVADA**

8

9    JUSTIN HENRY TRUJILLO,                    )
                                               )
10                      Plaintiff,             )          3:09-cv-0338-LRH-VPC
                                               )
11   vs.                                       )
                                               )          **ORDER**
12   HOWARD SKOLNIK, *et al.*,                 )
                                               )
13   _____ Defendants.     )

14          Plaintiff Justin Henry Trujillo, has been granted leave to proceed in *forma pauperis,* without

15   making an initial payment.  He presents a civil rights complaint alleging violations of his constitutional

16   rights under 42 U.S.C. § 1983.  The complaint shall be filed and is subject to the provisions of 28 U.S.C.

17   § 1915 and the court's review under that statute is discussed below.

18   **I.      Screening Pursuant to 28 U.S.C. § 1915A**

19          Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress

20   from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1914A(a).

21    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right

22   secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation

23   was committed by a person acting under color of state law.  *See West v. Atkins,* 487 U.S. 42, 48 (1988).

24          Dismissal of a complaint or part thereof for failure to state a claim upon which relief can be

25   granted is provided for in Federal Rule of Civil Procedure 12 (b)(6), and the court will apply the same

26   standard under §1915 when reviewing a complaint or an amended complaint.  Review under Fed. R. Civ.

27   P. 12(b)(6) is essentially a ruling on a question of law.  *North Star Int'l v. Arizona Corp. Comm'n*, 720

28   F.2d 578, 580 (9th Cir. 1983).  In considering whether plaintiff has stated a claim upon which relief can

1  be granted, all material allegations in the complaint are accepted as true and are to be construed in the

2  light most favorable to the plaintiff.  *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).

3  Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by

4  lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  However, if it appears to a certainty

5  that a plaintiff will not be entitled to relief under any set of facts that could be proven under the

6  allegations of the complaint, the court may *sua sponte* dismiss the cause of action or portions thereof.

7  *Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1309 (9th Cir. 1982).

8      An entire complaint or portions thereof filed by a prisoner shall  be dismissed *sua sponte* if it is

9  frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b).

10  This includes those that possess legal conclusions that are untenable (e.g., wherein the defendants are

11  immune from suit or claims of infringement of a legal interest which clearly does not exist) as well as

12  those that only contain fanciful factual allegations, (e.g., claims describing fantastic or delusional

13  scenarios).  The complaint filed herein is subject to *sua sponte* dismissal prior to service on the named

14  defendants.

15  **II.    Discussion**

16      Plaintiff brings a single claim for relief, alleging violation of his rights under the Eighth and

17  Fourteenth Amendments to the United States Constitution through cruel and unusual punishment and

18  "abridg[ment] of the privileges or immunity of citizens of the United States" through the denial of

19  his request to participate in the California Department of Correction's conjugal/family visiting

20  program.  Plaintiff seeks an order allowing him to participate in the conjugal family visiting program

21  to allow conjugal visits with his wife, whom he married while incarcerated in the California prison.

22      Plaintiff names Howard Skolnick, the Director of the Nevada Department of Prisons, and

23  Paula G. Miller, a program officer, as defendants, both in their official capacity.  A person cannot be

24  sued in their official capacity for money damages.  Only injunctive relief is available for defendants

25  said to be acting in their official capacity.  On the other hand, personal capacity suits seek to impose

26  personal liability upon a governmental official for actions taken under the color of state law.

27  *Kentucy v. Graham,* 473 U.S. 159, 165 (1985).

28

2

To prevail under section 1983, a plaintiff must demonstrate that he has suffered a violation of rights protected by the constitution or federal statute, caused by the conduct of a person acting under color of state law. *Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir. 1991).

**Count One**

Plaintiff contends that his participation in the California Department of Corrections (CDC) conjugal and family visiting program is a "right and privilege to all other like situated inmates in CDC" but that he has been denied participation by the defendants because he is a Nevada inmate being housed in a California prison under the Interstate Corrections Compacts of Nevada and California. He acknowledges that the denial is based on Nevada law, which prohibits voluntary sexual conduct between an inmate and any other person. *See* Nevada Revised Statutes (NRS) 212.187.

Eighth Amendment

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve the "wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Generally, a prison's "obligation under the Eighth Amendment is at an end if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir.1982).

In this instance, the deprivation of which plaintiff complains is the denial of sexual relations with his wife. A prison inmate 'retains those [constitutional] rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.'" *Turner v. Safley*, 482 U.S. 78, 95 (1987) (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)) (alteration in the original). Conjugal visits is not one of those retained rights. *Toussaint v. McCarthy*, 801 F.2d 1080, 1113-14 (9th Cir.1986), *cert.* denied, 481 U.S. 1069 (1987) (prisoners have no right to contact visits). Thus, plaintiff has not and cannot state an Eighth Amendment claim of cruel and unusual punishment. The Eighth Amendment claim shall be dismissed with prejudice.

///

///

3

1              <u>Fourteenth Amendment</u>

2          Plaintiff alleges an equal protection violation under the Fourteenth Amendment in that he

3  believes he is being treated differently from other California inmates even though, he contends, the

4  Interstate Corrections Compact provides that he "shall be treated equally with such similar inmates

5  of the receiving state as may be confined in the same institution."  Complaint, p. 4.

6          The Fourteenth Amendment right to equal protection survives incarceration. *See, e.g.,*

7  *Baumann v. Arizona Dep't of Corrections*, 754 F.2d 841 (9th Cir.1985). Where a plaintiff does not

8  allege a violation of a fundamental right or the existence of a suspect classification, prison officials

9  need only show that their policies bear a rational relation to a legitimate penological interest in order

10 to satisfy the equal protection clause. *See Turner v. Safley*, 482 U.S. 78, 89-90, 107 S.Ct. 2254, 96

11 L.Ed.2d 64 (1987); *Coakley v. Murphy*, 884 F.2d 1218, 1221-22 (9th Cir.1989); *Daniel v. Rolfs*, 29

12 F.Supp.2d 1184 (E.D.Wash.1998).

13         Here, plaintiff does not allege he is a member of a suspect class, as participants in the

14 Interstate Corrections Compact (ICC) do not meet that criteria.   Furthermore, there is no

15 fundamental personal right implicated in this case as inmates have no constitutionally protected right

16 to conjugal visits. *Toussaint v. McCarthy*, 801 F.2d 1080, 1113-14 (9th Cir.1986), cert. denied, 481

17 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987) (prisoners have no right to contact visits).

18         Finally, the rational connection between a ban on contact visits and internal security of a

19 detention facility is "too obvious to warrant discussion."  *Block v. Rutherford*, 468 U.S. 576, 586

20 (1984).

21         Plaintiff's assertion that he is being denied a right guaranteed under federal law is also

22 inaccurate.  The Interstate Corrections Compact of Nevada provides:

23             Any inmate confined pursuant to the terms of this compact shall have any
              and all rights to participate in and derive any benefits or incur or be
24             relieved of any obligations or have such obligations modified or his or her
              status changed on account of any action or proceeding in which the inmate
25             could have participated if confined in any appropriate institution of the
              **sending** state located within such state.

26

27

28                                                    4

1   NRS 212.187, Art. IV, § (h) (emphasis added).  Plaintiff's ability to participate in conjugal visits

2   while in prison is derived from Nevada law, which prohibits such acts.

3          Plaintiff has failed to state a claim under the Equal Protection Clause of the Fourteenth

4   Amendment of the United States Constitution or any violation of federal law.   This claim must be

5   dismissed with prejudice, as there exists no set of facts which can be added to successfully state such

6   a claim.

7   **III.**      **Conclusion**

8          The complaint shall be dismissed without leave to amend for failure to state a claim.

9          **IT IS THEREFORE ORDERED** that the Clerk shall **FILE** the complaint, which is

10  **DISMISSED WITH PREJUDICE.**

11         **IT IS FURTHER ORDERED** that the clerk shall enter judgment accordingly.

12         DATED this 7th day of July, 2010.

13

14

15                                              _____

16                                              LARRY R. HICKS
                                                UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28                                      5